# Reliance Insurance Co. v. Gullotta

*Stephen N. Huntington*, for plaintiff.
*Francis T. Flannery*, for defendant.

MIRARCHI, *A.J.*, August 11, 1983—On November 15, 1975, a motor vehicle accident occurred, involving a motor vehicle owned by Samuel Gullotta, defendant, in which Anna Volpe, victim and passenger in defendant's automobile, sustained personal injuries. Although defendant was required to maintain No-fault Motor Vehicle Insurance on the vehicle involved in this acccident, under 40 P.S. §7009.104, he did not maintain any such insurance.

Accordingly, Reliance Insurance Company, plaintiff, was required to pay No-fault benefits due the victim under the Assigned Claims Plan (40 P.S. §1009.108). Plaintiff paid the victim $960 on August 13, 1976 and $1,419.65 on November 2, 1976.

Pursuant to 40 P.S. §1009.501, plaintiff instituted a suit on October 2, 1979 against defendant for reimbursement of the benefits paid by the plaintiff to the victim. 40 P.S. §1009.501 provides in part:

"The obligor obligated to pay basic loss benefits for accidental bodily injury to a person occupying a motor vehicle, the owner of which is uninsured . . . shall be entitled to recover all the benefits paid."

This matter was heard by this court on March 18, 1982 at which time counsel for each party agreed that the only contested issue was whether plaintiff had instituted suit within the applicable statute of limitations.

Since the No-fault Insurance Act does not provide a statute of limitations for an action under 40 P.S. §1009.501, this court must consider relevant common-law authority for guidance in this area.

In Cataldo v. Rick, 10 D. & C. 3d 348 (1978), Mrs. Cataldo was injured while in a vehicle owned by Mr. Rick, an uninsured motorist. Travelers Insurance paid No-fault benefits to Mrs. Cataldo after receiving her claim under the Assigned Claims Program. In an action by Travelers Insurance against Rick, the court held that the statute of limitations for a claim under Section 501 of the No-fault Act is six years. The court characterized claims under Section 501 as claims for reimbursement, thereby setting it apart from the ordinary tort claims for No-fault benefits which would, concededly, fall under the two-year statute of limitations created by 42 Pa.C.S.A. §5523. The six-year statute of limitations created by 42 Pa.C.S.A. §5527 applies to, "any civil

action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation)."

In Harleysville Mutual Insurance Company v. Schuck, 302 Pa. Super. 534, 449 A. 2d 47 (1980), the Superior Court of Pennsylvania construed §501 of the No-fault Act as a means of protecting both the insured motorist and the insurer from the uninsured motorist. Section 501 places the risk of loss upon those who have deliberately refused to comply with the statute and prevents such a person from receiving a windfall by virtue of his or her defiance of the statutory mandate that all vehicles be insured. The basic philosophy inherent in the statute is to place the ultimate risk of loss on the uninsured owner.

## ORDER

Upon careful review of the briefs submitted and the arguments made, this court finds that the six-year statute of limitations created by 42 Pa.C.S.A. §5527 is applicable to the action at bar.

Therefore, August 11, 1983, it is hereby ordered and decreed that judgement be entered in favor of plaintiff and against defendant, Samuel Gullotta, in the amount of $2,650.61.